\*\*E-Filed 1/12/2007\*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIZZLER USA RESTAURANTS, INC.,<br><br>Defendant. | Case Number C 06-6142 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR LEAVE TO AMEND<br><br>[re: docket no. 3] |

Applicant-intervenor Patricia Huizache ("Huizache") moves for leave to intervene. Plaintiff Equal Employment Opportunity Commission ("EEOC") has filed a statement of non-opposition to the motion. The Court heard oral argument on January 12, 2007. For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

On September 29, 2006, EEOC filed a complaint against Sizzler, alleging that it subjected Huizache to sex and national origin discrimination in violation of Title VII of the Civil

---

[1] This disposition is not designated for publication and may not be cited.

Rights Act of 1964, 42 U.S.C. §2000e-2(a), which led to her constructive discharge on October 16, 2004.

On December 8, 2006, Huizache moved for leave to intervene and submitted a proposed complaint in intervention.  The complaint in intervention asserts a claim under Title VII and a claim under Cal. Gov. Code § 12900 et seq.  Huizache states that this action arises from her complaints made to the EEOC.  Huizache states that EEOC issued a determination of discrimination on November 17, 2005, and that she also received a right to sue letter from the Department of Fair Employment and Housing of the State of California.

## II. LEGAL STANDARD

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . ."  Fed. R. Civ. P. 24(a).  42 U.S.C. § 2000e-5(f)(1) provides, in part, that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission."

## III. DISCUSSION

Huizache moved for leave to intervene within three months of the filing of the EEOC's complaint.  Sizzler answered the complaint on January 5, 2007, but had not filed a responsive pleading prior to the filing of the Huizache's motion.  The Court concludes that the motion is timely.  42 U.S.C. § 2000e-5(f)(1) confers an unconditional right to intervene on Huizache since she is the aggrieved party in this matter.  Counsel for Sizzler stated at oral argument that he had reviewed the motion and does not oppose it.  Accordingly, the Court will grant the motion and will accept the Complaint in Intervention, filed as Ex. A to the Declaration of Eric C. Shaw.

IT IS SO ORDERED.

DATED: January 12, 2007.

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:
2 | Glen H. Mertens          ghm@amclaw.com
3 | David F. Offen-Brown     David.Offen-Brown@eeoc.gov
4 | Linda S. Ordonio-Dixon   linda.ordonio-dixon@eeoc.gov
5 | Eric Carroll Shaw        eric@shawesq.com
6 | William Robert Tamayo    william.tamayo@eeoc.gov, pat.tickler@eeoc.gov

3

Case No. C 06-6142 JF (PVT)
ORDER GRANTING MOTION FOR LEAVE TO AMEND
(JFLC1)