1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>PATRICIA HUIZACHE,<br><br>　　　　　　Intervenor,<br>　　v.<br><br>SIZZLER USA RESTAURANTS, INC.<br><br>　　　　　　Defendant. | Case No.: C-06-6142 J F PVT<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ORDER OF CIVIL CONTEMPT** |

On June 26, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for a hearing on Plaintiff's Motion for Order of Civil Contempt. Plaintiff brought its motion based on Defendant's failure to comply with this Court's Order of April 10, 2007, which required Defendant to produce all responsive documents to the EEOC's Requests for Documents and Requests for Interrogatories no later than April 20, 2007.

**I.   SUMMARY OF PROCEEDINGS**

Plaintiff EEOC brought this action on behalf of Patricia Huizache alleging that Defendant

subjected Ms. Huizache to a hostile environment based on her sex and national origin.

At a Case Management Conference on January 12, 2007, defense counsel, Glen Mertens, was personally served with two discovery requests. The set interrogatories consisted of only two queries: 1) Name and contact information of employees of Defendant's Redwood City Sizzler restaurant during the year 2004, and 2) the job titles of these employees (Declaration of Linda Ordonio-Dixon, ¶ 3) (hereinafter "Dixon Decl."). The document requests included documents regarding the company's investigation of harassment, documents regarding anti-discrimination policies, training and procedures, and the personnel files of Ms. Huizache and the alleged harasser, Daniel Viera.

On March 9, 2007 Plaintiff filed a motion to compel responses to the discovery. At that time, despite numerous attempts by the EEOC to meet and confer, Defendant had not responded in any way to the discovery requests. On March 12, 2007, the Defendant produced the personnel records of Ms. Huizache and Daniel Viera via attachment to an e-mail. The e-mail stated that Mr. Mertens would try to have verified discovery responses sent later that day. The EEOC, however, did not receive verified responses until April 6, 2007. (Dixon Decl. ¶ 6, Exh. 2.) The response promised that additional documents would be produced, but Plaintiff never received any additional documents. (Dixon Decl. ¶ 11.)

On April 10, 2007, after Defendant failed to file an opposition, this Court granted Plaintiff's motion and ordered that discovery be produced no later than April 20, 2007. Defendant, however, did not comply. On April 27, 2007, Plaintiff notified Defendant via email that a motion for contempt would be filed if responses were not provided. (Dixon Decl. ¶ 8, Exh. 3.) The parties spoke on the phone the same day, but Defendant gave no indication as to whether or not such information and/or documents were going to be produced. Plaintiff filed this motion for contempt on May 22, 2007. Defendant filed no opposition to this motion.

## II. LEGAL STANDARD

### A. Legal Standard for Contempt

In order to show civil contempt, "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The

burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citations omitted).

### B. Procedure for Magistrate Judge in Contempt Proceedings

Magistrate Judges' contempt authority is spelled out in 28 U.S.C. § 636(e)(6). Absent action in the presence of the Magistrate Judge, in a civil consent action, or a criminal misdemeanor case, a Magistrate Judge must certify contempt to the district court. The statute provides:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

### III. DISCUSSION

Defense counsel, Glen Mertens, appeared at the hearing and stated that he deliberately did not file an opposition to the motion for contempt because he was in violation of the court order. The Defendant's failure to oppose contempt is not acceptable. Being in violation of a court order is not a valid reason to fail to oppose a motion for contempt. Indeed, neither the failure to comply with a court order nor the failure to oppose the contempt motion is acceptable behavior for an attorney appearing before this court. Mr. Mertens also asserted that the motion was moot because he had provided the missing interrogatory responses. Mr. Mertens is mistaken for two reasons. First, he has not explained the failure to comply with the April 10, 2007 order. Second, questions remain about the sufficiency of the document production.

The documents provided indicate that more documents exist, but defense counsel asserted that they have provided everything they possess and anything else that once existed has been destroyed. This type of blanket assertion is also unacceptable. Defendant must describe its good faith effort to locate all responsive documents and must explain to opposing counsel what has happened to the missing documents. It is not enough to simply state that whatever has not been produced does not exist.

During the June 26, 2007 hearing, this court ordered a recess during which counsel for both parties were to confer to try to resolve this discovery dispute. Counsel agreed that Defendant will verify that the documents produced are in fact all that they possess. Additionally, Defendant will provide the person or persons most knowledgeable about the responsive documents for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

At this time, this motion remains under submission and Plaintiff is invited to renew the motion if Defendant fails to provide the promised additional discovery. This court is currently prepared to certify to the District Court that: 1) On April 10, 2007, the court granted Plaintiff's unopposed motion to compel discovery responses and ordered Defendant to provide complete responses by April 20, 2007; 2) Defendant did not comply with the April 10, 2007 order; 3) Plaintiff filed a motion for contempt on May 22, 2007; 4) Defendant failed to oppose the motion for contempt; 5) Defendant has offered no valid explanation or justification for its failure to comply with either its discovery obligations or the April 10, 2007 order.

### IV. ORDER

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Civil Contempt REMAINS UNDER SUBMISSION. Defendant is ordered to provide, no later than August 31, 2007, the person or persons most knowledgeable about the documents sought for deposition pursuant to Rule 30(b)(6). Defendant is ordered to provide verification by August 31, 2007 affirming that they have produced all requested documents in their possession. The verification shall include a statement by Mr. Mertens, under penalty of perjury, describing: 1) all efforts made to locate responsive documents, including the documents described in Ms. Dixon's letter of April 20, 2007 and 2) the circumstances under which any responsive documents were lost, destroyed, or otherwise made unavailable for production.

Dated: July 5, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge